

FILED
1/25/2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
DEC 2 6 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MILTON THOMPSON, )
)
Plaintiff, )
) No.
v. )
) 1:18-cv-08472
) Judge Sharon Johnson Coleman
ZEIGLER INFINITI ORLAND PARK, LLC. ) Magistrate Judge Mary M. Rowland
a/k/a ZEIGLER INFINITI OF ORLAND PARK. )
Defendant )
)

## COMPLAINT

Milton Thompson (hereinafter "Plaintiff"), *pro se*, asserts the following facts and cause of action against Ziegler Infinity Orland Park, LLC a/k/a Zeigler Infiniti of Orland Park ("Ziegler" or "Defendant"), states the following as the basis for his Complaint at law:

### Parties, Jurisdiction, And Venue

1. Defendant is incorporated in the state of Illinois, and it has a dealership in Orland Park, Cook County, Illinois.

2. Plaintiff is a resident and citizen of Joliet, Will County, Illinois.

3. Plaintiff filed charges of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"), case no.440-2017-01552, on January 10, 2017.

4. Plaintiff received a Notice of Right to Sue from the EEOC signed and dated September 24, 2018. A copy of the Notice of Right to Sue and envelope enclosing the same are attached to this Complaint as "Exhibit A." Plaintiff brings suit within 90 days of receiving the same.

5. Plaintiff bring this cause of action against Defendant for disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA").

6.        This Court has original jurisdiction to hear these claims under 28 U.S.C. §§ 1331

7.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

8.        Plaintiff worked as a Sales Consultant (salesman) for Zeigler Infiniti of Orland Park, owned and run by Zeigler Auto Group, from approximately January 2016 until sometime between March 16 – 18, 2016, when he was discharged.

9.        He had worked as a Sales Consultant with the old Infiniti of Orland Park ("Old Infiniti of Orland Park."), and before that, had worked with Orland Park Nissan.

10.        Plaintiff had over 25 years of experience as a Sales Consultant, selling cars, prior to his employment with Zeigler.

11.        Thompson was hired by Defendant, when it bought out the Old Infiniti of Orland Park.

12.        Only the top car salesmen from Old Infiniti of Orland Park were hired by Aaron Zeigler when he purchased the location in January 2016. Ziegle hired Plaintiff, Gary Bellestri, and Russell Howard, from the Old Infiniti cohort of Sales Consultants. The remaining Sales Consultants of Old Infiniti of Orland Park had to find other employment.

13.        When hired by Defendant, Plaintiff was supervised by Scott Grodeck, Defendant's Sales Manager.

14.        Grodeck's supervisor was Bill O'Hara, the Defendant's General Manager.

15.        Plaintiff has an inflammatory eye condition called keratoconus in the right eye, in which the normally round dome-shaped cornea progressively thins, causing a cone-like bulge to develop. This results in significant visual impairment, and problems with depth perception. He also had a torn retina in the left eye, which was surgically repaired but left a blind spot in that eye, also causing significant visual impairment.

16. Plaintiff has been under an ophthalmologist's care at the University of Chicago for years due to his vision condition. He has to wear special glasses, and his condition is visually evident to those that come into physical contact with him.

17. Plaintiff's eye condition, in the right eye alone, the left eye alone, or in combination, constituted a serious health condition in that it substantially limits a major life activity, namely seeing, and therefore is a qualifying disability under the Americans with Disabilities Act ("ADA").

18. During Plaintiff's tenure at Old Infiniti of Orland Park, and subsequently at Defendant, it was commonly known that Plaintiff had vision problems, due to his constant doctor's visits, his special glasses, and because he needed reasonable accommodations to perform his position.

19. Prior to the ownership change to Defendant, when it was just Old Infiniti of Orland Park, Plaintiff had been reasonably accommodated in the workplace by having other Sales Consultants assist him with inputting sales information into the computer screens for customers. In addition, his prior supervisor, Frank Meccia, with Old Infiniti of Orland Park, provided him with an accommodation by himself inputting the information for Plaintiff into work computers.

20. In January 2016, Plaintiff told Grodeck, Defendant's Supervisor, that he had an eye problem, and that he could not visually see a computer screen.

21. Grodeck reassured Plaintiff that he would be provided a reasonable accommodation, in the form of a larger computer or tablet screen, so he could perform his work.

22. Despite Plaintiff advising Grodeck of his need for a reasonable accommodation, Defendant never provided it to Plaintiff.

23. When Defendant failed to provide Plaintiff with a reasonable accommodation for his eye condition(s), Plaintiff was unable to get his paperwork for customers generated in a timely

fashion, resulting in lost sales or more time taken to effectuate a sale. This in turn affected customer's experience at the dealership, and resulted in them reporting poor work experiences with Plaintiff in post-experience surveys they completed about Defendant. Defendant did not receive such disproportional negative experience surveys while employed with Old Infiniti of Orland Park.

24. Defendant failed to engage in the interactive process with Plaintiff to determine whether he had a qualifying disability, and if so, what types of reasonable accommodations it could provide him.

25. On either March 16 or 18, 2016, Plaintiff was presented with paperwork by Boliaux, an executive with Defendant, and O'Hara, Zeigler's General Manager, and informed he was being terminated. He was told things were not going the way they anticipated, and they said he was being let go for performance reasons. Grodeck was present, but said nothing.

26. Had Defendant provided Plaintiff with a reasonable accommodation for his condition(s), Plaintiff would have been able to succeed as a Sales Consultant, as he had in years past with Old Infiniti of Orland Park.

## COUNT I
## FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

27. Plaintiff incorporates paragraphs 1-26 above into Count I as though fully set forth herein.

28. Plaintiff has a qualifying disability consisting of a vision impairment, and a record of a vision impairment, that substantially impacts his ability to see, within the meaning of the ADA.

29. Plaintiff was an individual with a qualifying disability under the ADA able to perform the essential functions of his position as a Sales Consultant with a reasonable accommodation.

30. Defendant failed to engage in the interactive process with Plaintiff to attempt to define the limits of his disability, in terms of its nature, severity, duration, or the types of accommodations that would be most effective.

31. Defendant would not have experienced undue hardship in providing Plaintiff with a reasonable accommodation.

32. Plaintiff requested a laptop or tablet computer, which would allow him to increase the font size of words, so that he might be able to more readily read them. Although Defendant, through its agent, Scott Grodeck, had notice of Plaintiff's qualifying disability, and even promised to provide him with a laptop or tablet for his eye condition, it never really engaged in the interactive process to determine if that was an appropriate accommodation, or whether there were other accommodations that Defendant could provide.

33. By failing to reasonable accommodate Plaintiff, Plaintiff was unable to continue to succeed in his employment

34. Defendant terminated Plaintiff on either March 16 or 18, 2016.

35. As a result of Defendant's failure to accommodate him, Plaintiff experienced adverse employment actions in the form of lost pay and benefits, termination, loss of other actual or potential fringe benefits, and emotional distress damages.

**WHEREFORE**, Plaintiff requests judgment in his favor, and against Defendant as well as

   a) Compensatory damages;

   b) Punitive damages;

   c) Liquidated damages;

   d) Back pay;

   e) Front pay;

f) Damages for pain and suffering;

g) Attorneys fees and cost;

h) and Such other relief as this Honorable Court deems appropriate.

Respectfully submitted,

Milton Thompson

By: *Milton Thompson*

Milton Thompson
*Pro Se*
14 East Bradford Road Unit 202
Joliet, Illinois 60433
815-603-1793